UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.E., a minor, by and through his guardian ad litem, LAURA HUTCHINSON-ESCOBEDO; CHRISTOPHER ESCOBEDO; and LAURA HUTCHINSON-ESCOBEDO,<br><br>Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>NORRIS SCHOOL DISTRICT,<br><br>Defendant/Counter-Plaintiff. | Case No. 1:20-cv-01291-AWI-JLT<br><br>[PROPOSED] ORDER GRANTING JOINT REQUEST TO SEAL ADMINISTRATIVE RECORD<br>(Doc. 56) |

  This matter arises under the Individuals with Disabilities Education Act. The student, Plaintiff E.E., is currently 8 years old and has been diagnosed with autism. The parties have filed cross-appeals in this action, seeking judicial review pursuant to 20 U.S.C. § 1415(i)(2)(A) of certain portions of the final administrative decision by the California Office of Administrative Hearings in a consolidated due process hearing.

  The due process hearing was held over the course of seven days in July 2020. The administrative record is voluminous, containing more than 3,100 pages. Nearly all, if not all, of the documents in the administrative record are educational records which contain the minor child's name and other personally identifying information. These documents further contain highly sensitive and

private information about the minor child's health, disabilities, intellectual functioning, and adaptive functioning. These documents include multiple psychological assessments, speech and language assessments, occupational therapy assessments, and behavioral assessments of the child.

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

The parties have jointly requested the sealing of the administrative record. (Doc. 56) This Court finds that compelling reasons exist to seal the administrative record because it consists of private and sensitive educational and medical records of a child, which are protected from public disclosure under the IDEA, the Family Educational Rights and Privacy Act, and California Education Code § 49076. The record has this information listed throughout making redaction impractical. Thus, the Court finds a compelling need for the information contained in the record to remain private.

Accordingly, the parties' joint motion to seal the administrative record is GRANTED[1].

IT IS SO ORDERED.

Dated:   **October 5, 2021**                    **/s/ Jennifer L. Thurston**
                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record. The Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order. In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.