1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   E.E. by and through his guardian ad litem,        Case No. 1:20-cv-01291-ADA-CDB
     LAURA HUTCHINSON-ESCOBEDO, et
12   al.,                                              FINDINGS AND RECOMMEMDATION
                                                       TO APPROVE PLAINTIFFS' MOTION
13                    Plaintiffs/Counter-              FOR APPROVAL OF MINOR'S
                      Defendants,                      COMPROMISE
14
                                                       (Doc. 98)
15          v.

16   NORRIS SCHOOL DISTRICT,

17                    Defendant/ Counter-
                      Plaintiff.
18

19

20          Pending before the Court is the motion of Plaintiff E.E, a minor, by and through his parent

21   and guardian ad litem, Laura Hutchinson-Escobedo, for approval of the parties' proposed

22   settlement of E.E.'s damage claims pursuant to Federal Rule of Civil Procedure 17(c) and Local

23   Rule 202(b).  The proposed settlement will resolve E.E.'s claims under the Americans with

24   Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

25   (Doc. 98-1 p. 1).   The Court recommends that the minor's compromise be approved as the

26   settlement agreement is fair, reasonable, and in the best interests of the child.

27   / / /

28

I.      **Factual and Procedural History**[1]

E.E. is a minor who has been diagnosed with autism spectrum disorder.  (Doc. 90 p. 1).  As a result of his autism, E.E. has significant challenges with communication, social skills, sensory processing, fine motor skills, executive functions, and behavior.  (Doc. 25; First Amended Complaint ("FAC") ⁋ 7). He currently is 10 years old.  (Doc. 98-1 p. 1).  Plaintiffs Laura Hutchinson-Escobedo and Christopher Escobedo are E.E.'s parents ("Parents").  E.E. is eligible to receive special education and related services from Defendant under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (*Id.*)

E.E. started attending kindergarten at Norris Elementary in August 2018.  (Doc. 90 p.1). E.E. was under an Individualized Education Plan ("Old IEP") which allowed him to take part in a general education classroom for 98% of the time with 2% of his time spent on speech and language services.  The Old IEP was implemented on November 27, 2018, but was scheduled to end on November 27, 2019.  (*Id.*).

The parties met repeatedly and discussed the implementation of a new IEP.  Defendant offered a new IEP which sought to move E.E. to Bimat Elementary and place him in a special day class with a trained behavior aide for the most part and cutting down his general education class time to 32%. (Doc. 90 p. 2).  Parents did not agree with this new IEP and filed a due process complaint on January 14, 2020. (*Id.*)  E.E.'s parents alleged that Defendant denied E.E. a free appropriate public education ("FAPE") under the IDEA.  Defendant filed its own due process complaint against the Parents, and their complaints were consolidated. (*Id.*)

On September 2, 2020, the assigned administrative law judge ("ALJ") issued a ruling that was partially favorable to E.E.'s parents and partially favorable to Defendant.  The ALJ found that Defendant denied E.E. a FAPE between November 27, 2018, and January 22, 2020, due to inadequate implementation of the Old IEP as written. (Doc. 90 p. 2).  However, the ALJ approved the new IEP proposed by Defendant and over the Parents' objections.

---

[1] The facts set forth herein largely are derived from the Court's earlier order on the parties' motions for summary judgement (Doc. 90) and from the Plaintiffs' instant motion for approval of minor's compromise, which Defendant did not oppose.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

1    Plaintiffs initiated this action with the filing of a complaint on September 10, 2020.  (Doc.

2    1).  Under the operative first amended complaint ("FAC") Plaintiffs raised four causes of action.

3    First Plaintiffs sought judicial review of the ALJs decision that Defendant may implement the

4    new IEP over the Parents' objections.  (Doc. 25 ¶¶ 39-45). Second, Plaintiffs sought an award of

5    reasonable attorney's fees and costs under 20 U.S.C. § 1415(i)(3)(B) as the prevailing party in the

6    underlying administrative proceeding. (*Id*. at ¶¶ 64-67).

7    Third, Plaintiffs alleged that Defendant violated Section 504 of the Rehabilitation Act. (29

8    U.S.C. § 794).  For this claim, Plaintiffs allege that Defendant: (1) denied E.E. the services and

9    reasonable accommodations needed to enjoy meaningful access to the benefits of a public

10   education; (2) failed to take prompt and effective action to prevent disability-based harassment

11   and bullying on school grounds; and (3) failed to provide E.E. with a "free appropriate public

12   education" in violation of Section 504's implementing regulation.  34 C.F.R. § 104.33(b)(1).  (*Id*.

13   at ¶¶ 46-57).  Fourth, Plaintiffs allege that Defendant discriminated against E.E. in violation of

14   the ADA. 42 U.S.C. § 12101 *et seq*. (*Id*. ¶¶ 58-63).

15   Defendant filed two counterclaims against Plaintiffs.  (Doc. 23).  The first counterclaim

16   was a cross appeal of the ALJs decision that Defendant denied E.E. a FAPE from March 18,

17   2020, through May 7, 2020, by materially failing to implement his IEP during a COVID-19

18   school closure.  (*Id*. at ¶¶144-48).  Defendant's second counterclaim sought an award of

19   attorney's fees and costs against the Parents based on an allegation that their due process claims

20   were brought for improper purposes.  (*Id*. at ¶¶ 149-54).  Defendant's second counterclaim was

21   dismissed by the Court on September 22, 2021.  (Doc. 54 pp. 4-6).

22   On April 27, 2023, the Court issued an Order which resolved the cross-appeals in favor of

23   Plaintiffs. (Doc. 90).  Following the Court's order, the parties began discussing settlement and

24   finalized a settlement agreement on August 11, 2023.  (Doc. 98-1 p. 4).

25   **II.    Terms of the Proposed Settlement**

26   Under the terms of the proposed settlement, E.E. will receive $17,000 in exchange for the

27   release of claims through the date of the agreement.  The settlement also provides for the payment

28   of $233.785.00 to Plaintiffs' law firm, the California Justice Project. (Doc. 98-3).

3

### III.   Settlement Approval Standards

No settlement or compromise of "a claim or against a minor or incompetent person" is effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected.  *K.M. v. Tehachapi School District*, Case No. 1:17-cv-01431-LJO-JLT, 2019 WL 991048, at *4 (E.D. Cal. Feb. 28, 2019).  Under Local Rule 202(b)(2) a party seeking approval of the settlement must disclose:

> [T]he age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount ... was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2).  Under Federal Rule of Civil Procedure 17(c), the Court has a responsibility to safeguard the interests of child-litigants.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  The Court is obligated to independently assess the fairness of a settlement even where the parent has recommended it. *Id.* at 1181; *see Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted).

### V.   Discussion and Analysis

The petition for approval of settlement reached on behalf of E.E. sets forth the information required by Local Rule 202(b)(2).  E.E. is a 10-year-old male.  (Doc. 98-1 p. 1).  The petition, as set forth above, describes the events that gave rise to Plaintiffs damage claims stemming from Defendant's alleged failure to provide E.E. with a FAPE.  (Doc. 98-1 p. 3).

#### A. Award to E.E.

Under the terms of the settlement, E.E. will receive $17,000.00. However, prior to settlement, E.E. was awarded a total of 195 hours of compensatory education in the decision

4

1   issued by the ALJ.  (Doc. 85 p. 2) These hours account for E.E.'s speech therapy, occupational

2   therapy, academic tutoring, and behavior services.  (Doc. 1-1 pp. 69-70).

3         Plaintiffs request that E.E.'s recovery be disbursed into a CalABLE account for use on

4   current, ongoing, and/or future qualified disability expenses.  (Doc. 98-1).  Plaintiffs have

5   considered alternate disbursement methods, such as opening a special needs trust or a blocked

6   account, but concluded that the amount of settlement proceeds, the various maintenance costs as

7   well as the ease of use between the various disbursement methods favored the CalABLE account.

8   (Doc. 98-1 pp. 9-11).

9   **B. Attorney Fees and Costs**

10        The settlement agreement proposed for the Court's approval provides for an award of

11  $233,785.00 to be paid by Defendant "in full satisfaction of the claim for attorney's fees and

12  costs."  (Doc. 98-3 ⁋ 21 and Exhibit 1).  Plaintiffs assert that the claim for attorney's fees and

13  costs "does not require court approval as part of the minor's compromise."  (Doc. 98-1 p. 4).  In

14  particular, the parties represent that the award of attorney's fees was "negotiated separately by the

15  parties and will not be deducted from Plaintiff's award."  *Id.*; (Doc. 98-3 ⁋ 21).  Nevertheless,

16  Plaintiffs' motion "requests that the Court approve the proposed Agreement as fair, reasonable,

17  and in the best interests of Plaintiff."  (Doc. 98-1 p. 11).

18        The Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be

19  evaluated "without regard to the proportion of the total settlement value designated for . . .

20  plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.  Following *Robidoux*, judges of this Court have

21  taken different approaches in considering the award of attorney's fees.  In *J.B. by and through*

22  *Billet v. Tuolumne County Superintendent of Schools* (No. 1:19-cv-00858-EPG), where the parties

23  (like the parties here) negotiated an attorneys' fee award that was not paid from plaintiff's

24  recovery, the Court agreed that *Robidoux* foreclosed it from evaluating the reasonableness of the

25  fee award.  2021 WL 3269246, at *3 & n.4 (E.D. Cal. July 31, 2021) (approving award of

26  $535,000 for attorneys' fees where minor plaintiff received $40,000).  *Accord A.A. on behalf of*

27  *A.A. v. Clovis Unified School District*, No. 1:13-cv-01043-AWI-MJS, 2018 WL 1167927, at *3 &

28  n.1 (E.D. Cal. Mar. 6, 2018) ("*Robidoux* is clear in stating that the focus of the Court's inquiry is

1  the fairness of the net recovery for [the minor plaintiff]. The Court therefore does not herein

2  consider whether the award of attorney's fees or the compromise of the parents' claims is fair and

3  reasonable."). In *S.G.P. v. Tehachapi United School District*, (No. 1:22-cv-01066-ADA-BAK),

4  the Court similarly noted: "Given the holding in *Robidoux*, it may be error for this court to reject

5  the settlement simply because the Court finds that the attorney fees sought are excessive." 2022

6  WL 4450750, at *9 (E.D. Cal. Sept. 23, 2022). There, the Court nevertheless considered the

7  value of the settlement as compared to the fee award and concluded, "the Court does not find the

8  attorneys' fees excessive." *Id.* *10. In contrast, in *R.Q. v. Tehachapi Unified School District*

9  (No. 1:16-cv-01485 NONE JLT), the Court considered the work accomplished by plaintiff's

10 attorney and the fact the proposed fee award would not be paid from plaintiff's settlement, and

11 concluded "the [fee] award is reasonable." 2020 WL 5940168, at * 3 (E.D. Cal. Oct. 7, 2020)

12 (approving award of $100,000 for attorneys' fees where minor plaintiff received $30,000 and the

13 fee award would not be taken from the child's award).

14     Here, Attorney Goriune Dudukgian, counsel for E.E., attests he has been representing E.E.

15 since January 14, 2020. Mr. Dudukgian represented E.E. during the administrative proceedings

16 and through resolution of this case. (Doc. 98-3 p. 2). Mr. Dudukgian represents that he

17 performed more than 225 hours of work at the administrative level and over 250 hours at the

18 district court level (see *Id*. at 4-5). The administrative record in this case was especially

19 voluminous, spanning over 3,000 pages. *See e.g.* (Docs. 58-67).[2] Plaintiffs prevailed in the Ninth

20 Circuit, which affirmed the Court's grant of a preliminary injunction on July 14, 2021. (Doc. 50).

21 The Ninth Circuit transferred consideration of any award of attorney's fees for that appeal to this

22 Court. (Doc. 51). Mr. Dudukgian attests that he billed 105 hours in the Ninth Circuit appeal.

23 (Doc. 98-3 ¶ 15). Mr. Dudukgian's representation of E.E. also yielded tangible benefits for E.E.,

24 including 195 hours of compensatory education.[3]

25 _____

26     [2] Filed under seal.

27     [3] In other cases involving approval of a minor's compromise, courts have assigned
monetary values to the hours of compensatory education received by the child. *See, e.g., R.Q.,*
2020 WL 5940168, at * 2 (noting a settlement where the parties agreed that $34,000 represented
28 12 hours of compensatory education); *K.M.*, 2019 WL 991048, at *3-4 (E.D. Cal. Feb. 28, 2019)

1    Mr. Dudugkian has no apparent conflicts of interest.  He was contacted and retained by

2    E.E.'s parents in December 2019 to represent them at the administrative level.  (Doc. 98-1 p. 5).

3    He is not related to any party in this case.  His contingency fee agreement does not present any

4    likely conflicts as the proposed settlement provides for independent assignment of recovery and

5    attorneys fees. (Doc. 98-3 ⁋ 9 and Exhibit 1).  Further, for the more than 575 total hours billed,

6    Mr. Dudugkian reduced his standard billing rate by more than $50,000 in connection with

7    negotiating the resolution of the case.  *Id.* ⁋ 21.

8    Based on its review of the work undertaken by Mr. Dudukgian and the other factors

9    addressed above, the Court finds that the agreed-upon fee award ($233,785.00) is not excessive

10   and does not undermine the fairness and reasonableness of the proposed agreement.  *See* 20

11   U.S.C.  § 1415(i)(3)(B)(i).

12   **C.  Recovery in Similar Actions**

13   The Court is required to consider the outcome of similar cases to determine whether the

14   sum to settle the children's claims is reasonable.  *Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 at

15   1363.  However, cases under the IDEA do not lend themselves to practical comparison. Each

16   child experiences unique challenges and suffers unique harms, and the damage the child suffers

17   from the denial of a FAPE varies widely. *K.M.*, 2019 WL 991048, at *5.

18   Plaintiffs proffer the following cases as analogous for the purpose of assessing civil rights

19   claims for damages against a school district: *P.H. v. Tehachapi Unified School District*, No. 1:17-

20   cv-257-DAD-JLT, 2018 U.S. Dist. LEXIS 11671 (E.D. Cal. Jan. 23, 2018) (approving settlement

21   amount of $21,250);  *T.L. v. Southern Kern Unified School District,* Case No. 1:17-cv-01686-

22   LJO-JLT, 2019 U.S. Dist. LEXIS 117517 (E.D. Cal. July 15, 2019) (approving settlement amount

23   of  $24,750*); S.V. v. Delano Union Elementary School District*, No. 1:17-cv-00780-LJO-JLT,

24   2019 U.S. Dist. LEXIS 108107 (E.D. Cal. June 27, 2019) (approving settlement amount of

25   $25,713.53); *K.B. v. City of Visalia*, No. 1:15-cv-01907-AWI-EPG, 2016 WL 5415668 (E.D. Cal.

26   Sep. 27, 2016) (approving settlement amount of $11,685.15).

27   Plaintiffs further note that following the Supreme Court's decision in *Cummings v.*

28   _____

(quantifying the quality and quantity of compensatory education hours).

1  *Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), emotional distress and other types of

2  non-economic damages that are not compensable in contract actions are also not recoverable

3  under Section 504 of the ADA. Therefore, Plaintiffs argue, due to the *Cummings* decision, E.E.'s

4  damage claims would have a reduced expected value.  If E.E.'s damage claims were to be

5  litigated, Defendant would contest the nature, extent, and causation of E.E.'s injuries. (Doc. 98-

6  1).

7        In sum, the Court finds that the proposed settlement amount of $17,000.00 is fair,

8  reasonable, and in the best interests of the child when compared to similar settlements prior to

9  *Cummings* and taking into account the inherent value of the 195 hours of compensatory education

10  ordered by the ALJ.

11  **VI.    Findings and Recommendations**

12        Based upon the foregoing, the Court **RECOMMENDS** that the petition to approve

13  settlement of the minor's claims be **APPROVED IN FULL** and that the parties

14  be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and

15  lodge a separate order, no later than 45 days after these findings and recommendations are

16  adopted.

17        These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

19  Local Rules of Practice for the United States District Court, Eastern District of California. Within

20  fourteen days after being served with these findings and recommendations, any party may file

21  written objections with the Court and serve a copy on all parties. Such a document should be

22  captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are

23  advised that failure to file objections within the specified time may waive the right to appeal the

24  district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26     Dated:   __August 28, 2023__                  _____

27                                     UNITED STATES MAGISTRATE JUDGE

28